**UNITED STATES of America, Appellee,**

v.

**Julio Cesar VALENCIA–LOPEZ, a/k/a Don C, a/k/a Arista, a/k/a Primo, Defendant–Appellant.**

**No. 08–1628–cr.**

United States Court of Appeals, Second Circuit.

Feb. 27, 2009.

Steven L. Tiscione, Assistant U.S. Attorney (Benton J. Campbell, United States Attorney, on the brief, Jo Ann M. Navickas, Assistant U.S. Attorney, of counsel), Office of the United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

Colleen P. Cassidy, Federal Defenders of New York, Inc., New York, NY, for Appellant.

PRESENT: JOSÉ A. CABRANES, ROBERT A. KATZMANN and DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Julio Cesar Valencia–Lopez appeals from a judgment of conviction entered on April 4, 2008, following a plea of guilty to conspiracy to distribute and possess with intent to distribute heroin. The District Court sentenced him principally to a term of imprisonment of 292 months. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Valencia–Lopez argues that the District Court committed procedural error by denying him a two-level reduction for acceptance of responsibility pursuant to Section 3E1.1 of the U.S. Sentencing Guidelines. We disagree. The District Court determined that Valencia–Lopez was not entitled to a reduction for acceptance of responsibility because "he gave an original proffer in which he was not truthful" about his relevant conduct. Appellant's App. 284. Accordingly, the District Court's determination was not "without foundation," *United States v. Hirsch*, 239 F.3d 221, 226 (2d Cir.2001) (internal quotation marks

omitted), and we reject Valencia–Lopez's challenge. *See* U.S.S.G. § 3E1.1 n. 1 (a) ("[A] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility."); *cf. United States v. Brennan*, 395 F.3d 59, 75 (2d Cir.2005) (affirming denial of acceptance of responsibility reduction where, *inter alia*, defendant "sought to minimize or conceal the extent of his guilt").

Having considered all of defendant's other arguments on appeal, and concluded that they lack merit, we AFFIRM the judgment of the District Court.